**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS DAGOBERTO RIVAS, | ) Case No. SACV 16-0307-JVS (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| SHAWN HATTON, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of U.S. Magistrate Judge.

On December 12, 2016, Petitioner filed objections to the R. & R., in which for the most part he simply repeats arguments in the Petition and Traverse. Only two objections warrant discussion. First, he repeats his claim that translation "discrepancies" in his interview transcripts rendered the state courts' denial of his <u>Miranda</u> claim "flawed and erroneously reached." (Objs. at 5-6; <u>see also</u> Pet., Attach. Mem. at 18 n.3 (noting same transcript discrepancies).) Second, as to his consular-notification claim, Petitioner cites out-of-circuit authority purportedly demonstrating that some federal courts have

held that Article 36 of the Vienna Convention confers individually enforceable rights. (Objs. at 8-9.)

Both objections lack merit. The fact that the prosecution used English translations of Petitioner's interview transcripts at the Miranda hearing that were slightly different from those given to the jury at his trial two days later was well noted and explored by defense counsel. (See, e.g., Lodged Doc. 3 at 33-41 & n.23 (citing both translations in detail but conceding that they were "identical in content" except for minor stylistic differences); Lodged Doc. 10 at 4 n.3 (noting same issue in petition for review, that "[t]he two sets of transcripts are not identical").) In his appellate brief, Petitioner expressly acknowledged that the different versions were essentially "identical in content":

> Court Exhibit 2, which appears in the record (2 CT 349-397), is identical in content (with a slight pagination difference) to People's Exhibit 6A (2 CT 254-302), which was admitted into evidence at trial . . . . Court Exhibit 3, which also appears in the record (2 CT 398-443), is identical in content (with a different footer) to People's Exhibit 6B (2 CT 303-348), which was admitted into evidence at trial . . . .[1]

(See Lodged Doc. 3 at 33 n.23 (some record citations omitted).)

---

[1] As Petitioner correctly noted, the transcripts admitted at the pretrial Miranda hearing were marked as court exhibits 2 and 3, and the transcripts given to the jury at trial were marked as People's exhibits 6A and 6B. (See Objs. at 5.)

In any event, as the R. & R. makes clear, "[b]ecause <u>Miranda</u> involves a totality-of-circumstances inquiry," whether Petitioner knowingly and voluntarily waived his <u>Miranda</u> rights does not depend on any specific words or utterances in isolation (<u>see</u> R. & R. at 11, 27-30) — including, for example, whether he said "Uh-huh, yes, if [indecipherable] I can't say anything?" or "Uh-huh, yes, if [indecipherable] now I can't tell you anything?" in confirming his understanding of his right to remain silent (<u>see</u> Objs. at 5-6).  (<u>See also</u> R. & R. at 30 (finding no law requiring suspect to "affirmatively indicate after each of the four warnings his understanding of it").)

Further, the Magistrate Judge did not say that no court has ever held that Article 36 of the Vienna Convention confers individual rights; rather, she correctly noted that "the Supreme Court has never clearly established that the Vienna Convention creates judicially enforceable private rights," citing, among others, various Supreme Court cases in support.  (<u>See</u> R. & R. at 33-34.)  Thus, because federal habeas review looks only to clearly established Supreme Court decisions for guidance, Petitioner's second objection has no merit.

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the Magistrate Judge's recommendation that the Petition be denied.  IT THEREFORE

IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: January 9, 2017

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE